UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

ALLOU DISTRIBUTORS, INC., *et al.*,

                             Debtors.
-----------------------------------------------------------------x
KENNETH P. SILVERMAN, ESQ., as Chapter 7
Trustee of Allou Distributors, Inc., *et al.*,

                         Plaintiff,

           - against -

AGRIPROCESSORS, INC., NEVEL PROPERTIES
CORP. and A.A. RUBASHKIN & SONS, INC.,

                         Defendants.
-----------------------------------------------------------------x

Case No. 803-82321-511
(Substantively consolidated)
Chapter 7

Adv. Pro. No. 803-8548-511

<u>DECISION GRANTING RECONSIDERATION</u>
(Re: Summary Judgment against
Nevel Properties Corp. and A.A. Rubashkin & Sons, Inc.)

***Defendants' Motion for Reconsideration***

          Before the Court is a motion by defendants, Nevel Properties Corp. ("Nevel"), and

A.A. Rubashkin & Sons, Inc. ("Rubashkin") (together, Nevel and Rubashkin will be referred to as

the "Defendants") to reconsider this Court's Order, dated September 5, 2006, which granted

summary judgment in favor of the plaintiff Chapter 7 Trustee with respect to the Seventh through

Tenth and Twelfth through Fifteenth causes of action in the Complaint, dated December 12, 2003,

against Nevel and Rubashkin, respectively.

          Simultaneous with the filing of the instant motion to reconsider, the Defendants filed

a Notice of Appeal of the September 5, 2006 Order.  Consequently, in his opposition, the Trustee

argues, as a threshold matter, that the filing of the appeal divests this Court of jurisdiction to decide

the instant motion. The Court disagrees and believes that this is exactly the procedural situation that

is addressed in FRCP ("FRBP") 8002(b). While the general rule is that the filing of a notice of

appeal divests a lower court of jurisdiction to hear matters which are the subject of the appeal, Rule

8002(b), patterned after Rule 4(a)(4) of the Federal Rules of Appellate Procedure, provides an

exception to the general rule.

Rule 8002(b) provides that:

> **Effect of Motion on Time for Appeal**. If any party makes a timely motion of a type
> specified immediately below, the time for appeal for all parties runs from the entry
> of the order disposing of the last such motion outstanding. This provision applies to
> a timely motion: (1) to amend or make additional findings of fact under Rule 7052,
> whether or not granting the motion would alter the judgment; (2) to alter or amend
> the judgment under Rule 9023; (3) for a new trial under Rule 9023; or (4) for relief
> under Rule 9024 if the motion is filed no later than 10 days after the entry of
> judgment. A notice of appeal filed after announcement or entry of the judgment,
> order, or decree but before disposition of any of the above motions is ineffective to
> appeal from the judgment, order, or decree, or part thereof, specified in the notice of
> appeal, until the entry of the order disposing of the last such motion outstanding. ...

Although the Defendants' motion was titled "Motion for Reconsideration," the Defendants did not

specify that they were moving under either Rule 9023 or 9024. The Trustee argues that this is fatal

to falling into the exception provided by Rule 8002(b). The Court disagrees and does not find this

failure fatal to applying the statutory exception in Rule 8002(b). Despite having requested a stay

pending appeal and having cited to FRBP 7062 (stay of proceedings to enforce a judgment) and

8005 (stay pending appeal), the Defendants are also clearly asking this Court to reconsider its

September 5th Order. A motion to reconsider is properly considered under Federal Rule of Civil

Procedure ("FRCP") 59, incorporated into bankruptcy proceedings by FRBP 9023. *See Woodard*

*v. Hardenfelder*, 845 F.Supp. 960, 964-67 (E.D.N.Y. 1994) ("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)); *In re Jamesway Corp*, 203 B.R. 543, 545-46 (Bankr. S.D.N.Y. 1996). Accordingly, the Court will deem the Defendants' motion to be one under FRCP 59(e) and FRBP 9023, and finds that it has jurisdiction to hear and determine this motion under Rule 8002(b). *See Woodard v. Hardenfelder*, 845 F.Supp. at 964 (finding jurisdiction to hear Rule 59 motion even though matter was appealed to Second Circuit); *In re Brandt-Airflex Corp.*, 73 B.R. 59, 60 (E.D.N.Y. 1987) (declining appellate jurisdiction where motion to reconsider was pending in bankruptcy court); *In re Overmyer*, 53 B.R. 952, 954 (Bankr. S.D.N.Y. 1985).

Having concluded that there is jurisdiction over this motion, the Court turns to the standards for reconsideration under Rule 59. Courts have imposed a strict standard under Rule 59. "[A] motion for reconsideration or reargument 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Lehmuller v. Incorporated Village of Sag Harbor*, 982 F. Supp. 132,135 (E.D.N.Y. 1997) (quoting *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The matters overlooked by the court must be matters that were put before the court in the original motion. *See Eismann v. Green*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (citing *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). "The rule is calculated to 'insure the finality of decisions and to prevent the practice of a losing party

examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Jamesway*, 203 B.R. at 546. Finally, motions to reconsider "cannot be used as a vehicle to introduce new evidence that should have been set forth during the pendency of the motion or could have been discovered in the exercise of due diligence ... [and such motions] may not be used as a substitute for an appeal." *Brown v. J.F.H. Mak Trucking*, No. 95-CV-2118 (JS), 1999 WL 1057274 at *1 (E.D.N.Y. Nov. 8, 1999) (citations omitted).

### The Trustee's Motion as to Rubashkin

By their motion to reconsider, the Defendants are not seeking to introduce any new evidence or legal theories. Rather, they argue that the Court "overlooked certain facts previously submitted, which if considered would have resulted in the denial of the plaintiff's motion for summary judgment against [the Defendants]."[1] Motion ¶ 12. Specifically, the Defendants argue that with respect to Rubashkin, the Court did not take into consideration the arguments that: (1) the check ultimately deposited into the Rubashkin account was an Allou check made out to Lefkowitz Hardware and received by Rubashkin from an individual named Weiss in exchange for meat products; (2) Rubashkin is a holder in due course of the check pursuant to NY Uniform Commercial Code § 3-302; and (3) there was never any direct dealing between Rubashkin and Allou. With respect to Nevel, the Defendants argue that the Court overlooked their arguments that: (1) $75,000 of the alleged transfers made to Nevel were deposited directly into the account of Agriprocessors, Inc. ("Agriprocessors") and were not received by Nevel, and (2) $55,000 of the alleged transfers

---

[1] Familiarity with the background facts of this proceeding and the arguments of the parties is presumed and will not be restated in this Order.

made to Nevel were deposited into the Nevel account but were immediately (the same day) transferred to Agriprocessors.

The Court agrees with the Defendants that it did not give sufficient consideration to these arguments. The Court also finds that the arguments, if ultimately persuasive, might change the Court's ruling as to the alleged Nevel and Rubashkin transfers. For these reasons, the Court grants the Defendants' motion to reconsider.

On the merits, the Court finds that its decision to grant the Trustee's motion for summary judgment against Rubashkin was erroneous. Exhibit 5 to the Trustee's Statement of Undisputed Facts, dated January 17, 2006, supports Rubashkin's factual assertion that the $3,000 check ultimately deposited into the Rubashkin account was an Allou check made out to Lefkowitz Hardware and subsequently endorsed over to Rubashkin. Therefore, genuine issues of a material fact exist including, but not limited to, (i) whether there was any "transfer" between Allou and Rubashkin; (ii) whether Allou received fair consideration from Lefkowitz Hardware; and (iii) whether Rubashkin qualifies as a "holder in due course" under New York law.

### The Trustee's Motion as to Nevel

In support of their opposition to the Trustee's motion for summary judgment as to the alleged Nevel transfers, the Defendants provided the Court with an affidavit of Sholom M. Rubashkin, President of Nevel. Rubashkin's sworn affidavit states that:

> Contrary to the assertions of the Trustee only the sum of $130,000 was forwarded by
> Allou to Nevel. Immediately upon receipt, Nevel transferred the $55,000 payment

to Agri[processors].  The $75,000 payment made by check dated August 29, 1998, was deposited directly into the account of Agriprocessors, Inc. annexed hereto and made parat (sic) hereof and marked Exhibit "G" are copies of the $55,000 check dated September 3, 1998 made payable to "Navel" which was deposited into the Nevel account as represented by the deposit ticket along with a debit memo dated September 9, 1998 indicating the transfer of funds from Nevel to Agri."

Although not entirely legible, Exhibit G does contain a "debit memo" which appears to debit $55,000 from Nevel's account on the same day it was deposited.  It is not clear to whose account the money was transferred; nor does this document appear to be an official bank document but merely a handwritten debit receipt.  Conspicuously absent from Nevel's exhibits are any bank statements of Nevel or Agriprocessors showing the transfer from Nevel to Agriprocessors.  Nonetheless, at the summary judgment phase, it is not the Defendants' burden to prove their defense.  The Court must draw all ambiguities and reasonable inferences in favor of the nonmoving party. *Thornton v. Syracuse Savings Bank*, 961 F.2d 1042 (2d Cir. 1992); *Levin v. Analysis & Technology, Inc.*, 960 F.2d 314 (2d Cir. 1992).  Factual allegations backed by affidavits or other evidence made by the party opposing the motion must be regarded as true and viewed in the light most favorable to the non-movant.  *Cartier v. Lussier*, 955 F.2d 841 (2d Cir. 1992).  As for the admissibility of the documentary evidence submitted in opposition to summary judgment, courts have applied Rule 56(e) to mean that "evidence presented by a non-movant need not be in admissible form, but the substance of the evidence must be admissible. ... [S]tatements in cases that a party opposing summary judgment must present admissible evidence should be understood in this light, as referring to the content or substance, rather than the form, of the submission." *Bernhardt v. Interbank of New York*, 18 F.Supp.2d 218 (E.D.N.Y. 1998).

The Court therefore finds that Rubashkin's sworn affidavit together with the documents found at Exhibit G to the Defendants' opposition are sufficient to set forth genuine issues of material fact on the Trustee's claims of fraudulent conveyance against Nevel, including but not limited to whether Nevel was a "mere conduit" of the transfer. *In re Apponline.com*, 296 B.R. 602, 621-23 (Bankr. E.D.N.Y. 2003). For these reasons, the Court agrees that its decision to grant the Trustee's motion for summary judgment against Nevel was erroneous and the Court, upon reconsideration, thus denies that motion.

The Court will issue an Order contemporaneous with this Decision denying summary judgment for the Trustee against Nevel and Rubashkin. Accordingly, the Court declines to enter the judgments against Nevel and Rubashkin settled by the Trustee.

Dated:        Central Islip, New York
              October 23, 2006

                                             */s/ Melanie L. Cyganowski*
                                          Hon. Melanie L. Cyganowski, U.S.B.J.